**Ernst Tosetti Brewing Company, Defendant in Error, v. Henry C. Wagner et al., Plaintiffs in Error.**

**Gen. No. 16,365.**

1. JUDGMENT—*when against one defendant improper.* In an action of assumpsit where one defendant is in default and the other has appeared and demanded a jury trial, a judgment against the defendant in default should not be entered until such time as the issue joined by the other defendant appearing has been determined.

2. JUDGMENTS—*when two improper.* In an action of assumpsit two judgments should not be entered against the same defendant.

3. MUNICIPAL COURT—*when without jurisdiction to amend.* After the lapse of thirty days from the time of the final order in a cause, the Municipal Court is without jurisdiction to amend its record.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed March 12, 1912.

GEORGE H. SUGRUE, for plaintiffs in error.

MACCHESNEY, BECKER & BRADLEY, for defendant in error.

MR. JUSTICE ·CLARK delivered the opinion of the court.

On May 25, 1909, the Ernst Tosetti Brewing Company, a corporation, defendant in error, filed a *praecipe* and statement of claim in the Municipal Court of Chicago, and on that day summons was issued against Henry Wagner, doing business as George Wagner, the summons being returnable June 3, 1909.

On June 1st Henry Wagner entered a special appearance and demanded a trial by jury, at the same time filing an affidavit of merits reciting that he had a good defense to the suit, upon the merits, to the

whole of the plaintiff's demand, and setting up as a special defense that he was employed by George F. Wagner under a stipulated salary per week and acted as manager, and therefore "desjoins" liability.

On June 1st an amended statement of claim was made and a summons was issued to George F. Wagner.

On July 10th a motion was made by the plaintiff Brewing Company for leave to amend the statement of claim by making George F. Wagner additional party defendant. This motion was allowed, and on July 12th an amended *praecipe* and statement of claim was filed. This is entitled "Ernst Tosetti Brewing Co. (a corp.) vs. Henry Wagner, doing business as George Wagner, and George F. Wagner," the affidavit of plaintiff's claim being dated May 24, 1909, and reciting that the nature of plaintiff's demand is for "cash advanced and for goods, wares and merchandise sold and delivered by plaintiff to *defendant* at *his* special request up to and including April 21st, 1909, and that there is due to plaintiff from the defendant after allowing to the defendant all his just credits, deductions and set-offs, the sum of $443.50."

On the same day an "amended and additional" writ of summons was issued. This appears to have been served on George F. Wagner on July 13, 1909.

On July 22nd the appearance of George F. Wagner was entered, but no affidavit of defense was filed.

On August 6th an order in the form of a judgment was entered, which recites that:

"It appearing to the court that the plaintiff herein has filed, as provided by law and the rules of this court, an affidavit showing the nature of the plaintiff's demand and the amount claimed to be due the plaintiff from the defendants after allowing to the defendants all just credits, deductions and set-offs, and that this cause is a suit upon a contract for the payment of money, and that the defendant George F. Wagner herein is in default for want of an affidavit of merits or defense in this case, it is, on motion of the plaintiff,

ordered by the court that judgment be entered herein against said defendant George F. Wagner by default for want of such affidavit of merits. And as to the damages sustained by the plaintiff herein, the court finds that there is due to the plaintiff the sum of money shown in said affidavit of claim to be due, and assesses the plaintiff's damages at the sum of Four Hundred and Forty three dollars and Fifty cents ($443.50).

"This cause coming on for further proceedings herein it is considered by the court that the plaintiff have judgment on the default and assessment of damages herein and that the plaintiff have and recover of and from the said defendant George F. Wagner, the damages of the plaintiff amounting to the sum of Four Hundred and Forty three dollars and Fifty cents ($443.50) in form as aforesaid assessed, together with the costs and charges by the plaintiff herein expended, and that execution issue therefor."

On October 15, 1909, an affidavit of merits was filed by Henry C. Wagner, denying liability as to the whole of the plaintiff's demand.

On the same day the record shows that there was a trial before the court and a jury and a verdict rendered for the amount claimed. The verdict is entitled "Ernst Tosetti Brewing Company (a corp.) v. Henry C. Wagner."

On October 23rd a motion for a new trial was overruled, and a judgment upon the verdict was rendered against the defendant Henry C. Wagner.

On December 28, 1909, the following order was entered:

"ERNST TOSETTI BREWING COMPANY,
a corporation,
    vs.
HENRY WAGNER doing business as
GEORGE WAGNER, and GEORGE F. WAGNER.

"On motion of the plaintiff, due notice thereof having been given to said defendants, who are represented herein by their attorneys, it appearing to the court from the record herein that on August 6, 1909, a de-

fault for failure to file an affidavit of merits and a judgment for $443.50 and costs were entered against said defendant George F. Wagner; and that on October 15, 1909, another judgment on the verdict rendered herein for the same amount was entered against said defendant Henry C. Wagner; and it appearing that said first judgment was prematurely entered and before the issues had been submitted to the jury, and was therefore void; and that the second judgment as recorded by the clerk is not in form such a judgment as should have been rendered herein, it is therefore ordered that said judgment of August 6, 1909, except the default, be and the same is hereby set aside, and that the said judgment of October 15, 1909, be and the same is hereby amended so that it shall appear to have been rendered against both defendants, to-wit Henry C. Wagner and George F. Wagner, instead of Henry C. Wagner alone."

On January 21, 1910, the following order was entered:

"This day come the parties to this cause, by their attorneys respectively, and thereupon the defendants move the court to vacate the order entered herein on the 28th day of December, A. D. 1909, and the court after hearing the arguments of counsel and being fully advised in the premises doth overrule said motion.

"It is further ordered by the court that the amount of stay of execution bond herein be fixed at the sum of Five Hundred Dollars ($500)."

On January 27, 1910, a writ of error was caused to be issued from this court by Henry C. Wagner, doing business as George F. Wagner, and George F. Wagner. Assignments of error are filed which call in question practically every order entered in the case.

The order of August 6, 1909, was erroneous, because at that time the suit being against two defendants there ought not to have been a judgment rendered against one of them alone. The proper order would have been merely one of default against George F. Wagner for want of an affidavit of merits; but the

assessment of damages should have been left until there was a trial before a jury, as demanded by the defendant Henry Wagner, at which time the issues should have been tried as between the plaintiff and the defendant Henry C. Wagner, and the jury should have been sworn to assess damages, if any, and should have assessed them against both defendants if any were found.

The order of October 23, 1909, was erroneous because it purports to enter a judgment in favor of the plaintiff and against both defendants, whereas a judgment had previously been rendered against one of the defendants, viz, Henry C. Wagner, and thus two judgments appear of record against him upon the one claim.

The order of December 28th was erroneous because it purports to amend a judgment entered October 15, 1909, whereas no judgment was entered on that day, the one referred to apparently being that of October 23rd. The court was also without jurisdiction to enter the order. Section 21 of the Municipal Court Act provides that the court may within thirty days after the entry of a judgment, order or decree, final in its nature, vacate, set aside or modify the same. The section makes the jurisdiction like that of the Circuit Court during a term. The act then provides that if no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, or by a petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by bill in equity. No petition was filed, and under the section of the statute referred to the court had lost jurisdiction to modify or amend the judgments.

For the reasons stated, the judgment entered August

6, 1909, against the defendant George F. Wagner must be reversed; also the judgment of October 23, 1909, against both defendants; also the order of December 28, 1909,—all for the reasons stated. There should be a hearing before a jury on the issues as between the plaintiff and the defendant Henry C. Wagner, and the jury should be sworn in that connection to assess the damages against both defendants, if by their verdict they shall find for the plaintiff.

*Reversed and remanded.*